## HAYES v. HAYES.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7395. Decided Mar. 26, 1928.

### First Publication of This Opinion.

Syllabus by Editorial Staff.

**413. DIVORCE AND ALIMONY.**
Court has power to grant alimony out of wife's property to husband. He also has power to make such division of property as is just and equitable under all circumstances.

Error to Common Pleas.

Judgment affirmed.

Wilson Kern, Cleveland, for plaintiff in error.

Clarke & Costello, Cleveland, for defendant in error.

### FULL TEXT.

VICKERY, J.

This action comes into this court on a petition in error to the Common Pleas Court of Cuyahoga County.

There being no bill of exceptions, the court is unadvised as to just what took place in the court below, but it is claimed that the judgment of the court is contrary to law in that it did not have the power to enter the decree that it did.

In the court below the plaintiff in error brought an action for divorce against the defendant in error, who was his wife and he did not ask for alimony or anything of that kind, but alleged that the property set up in the petition had been obtained from him fraudulently by his wife and asked to have the conveyance set aside and for a divorce.

A cross petition asking for divorce and certain equitable relief was filed by the wife,

defendant in error. The case was heard by the Judge who rendered a decision denying the plaintiff's right to have this property reconveyed, saying and deciding that there was no evidence of any fraud in any way, shape or manner, and denied relief in that respect and found that the property in question was in the name of the wife, but found that the wife had been guilty of gross neglect of duty and for that reason entered a divorce in favor of the husband, but coming on to a distribution of the property between these two persons, as he had the right to do under the statute, he found that the wife owned this certain property and released the husband's dower in the property and gave it to her free and clear from any claim that he might have by reason of dower in this property, and he also gave to the husband whatever property stood in his name and released the dower of the wife in such property.

Inasmuch as there is no bill of exceptions to show the extent of the property, we cannot say that the ruling of the court was erroneous. The court had the power to grant alimony out of the wife's property to the husband, if that had been asked for. He also had power to make such a division of the property as was just and equitable under all the circumstances, taking everything into consideration and we must assume, there being no record before us, that the court did that and the judgment as entered was clearly within the province and the power of the court to make.

We can, therefore, see no error in the proceedings and the judgment is affirmed.
Sullivan, PJ., and Levine, J., concur.